**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

SHIRE DEVELOPMENT LLC, )
SHIRE PHARMACEUTICAL )
DEVELOPMENT INC., )
COSMO TECHNOLOGIES LIMITED, )
and ) C.A. No. _______________
GIULIANI INTERNATIONAL )
LIMITED, )
)
Plaintiffs, )
)
v. )
)
OSMOTICA PHARMACEUTICAL )
CORP., )
)
Defendant. )

## COMPLAINT

Plaintiffs Shire Development LLC, Shire Pharmaceutical Development Inc. (collectively, "Shire"), Cosmo Technologies Limited ("Cosmo"), and Giuliani International Limited ("Giuliani") (collectively, "Plaintiffs") by their undersigned attorneys, for their Complaint against defendant Osmotica Pharmaceutical Corp. ("Osmotica") herein, allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent

laws of the United States, Title 35, United States Code, involving United States Patent No. 6,773,720 ("the '720 patent" or "the patent-in-suit") (attached as Exhibit A).

**THE PARTIES**

2. Plaintiff Shire Development LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 725 Chesterbrook Boulevard, Wayne, Pennsylvania 19087.

3. Plaintiff Shire Pharmaceutical Development Inc. is a corporation organized and existing under the laws of the State of Maryland, having its principal place of business at 1801 Research Boulevard, Rockville, Maryland 20850.

4. Plaintiff Cosmo is a company organized and existing under the laws of Ireland, having its principal place of business at 2, Duncairn Terrace, Bray Co., Wicklow, Ireland.

5. Plaintiff Giuliani is a company organized and existing under the laws of Ireland, having its principal place of business at 33 Sir John Rogerson's Quay, Dublin 2, Ireland.

6. Upon information and belief, Osmotica is a company organized and existing under the laws of the State of Delaware and operating in the State of Georgia. Upon information and belief, Osmotica is registered to transact business

in the State of Georgia and maintains an office at 895 Sawyer Road, Marietta, Georgia 30062. Upon information and belief, Corporation Service Company is the registered agent for Osmotica in the State of Georgia. Corporation Service Company is located at 40 Technology Parkway South, Norcross, Georgia 30092.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court under 28 U.S.C. §§ 1391(c) and 1400(b).

8. This Court has personal jurisdiction over Osmotica. Osmotica has submitted to personal jurisdiction in this Court because, *inter alia*, it resides, and is doing business in, the State of Georgia.

## FACTS AS TO ALL COUNTS

9. Shire Development LLC is the owner of New Drug Application ("NDA") No. 22-000, approved by the U.S. Food and Drug Administration ("FDA") for the manufacture and sale of mesalamine delayed release tablets, containing 1.2g mesalamine, which are commercialized under the name of Lialda®. Lialda® is indicated for the induction of remission in adults with active, mild to moderate ulcerative colitis and for the maintenance of remission of ulcerative colitis.

10. Pursuant to 21 U.S.C. § 355(b)(1), the patent-in-suit is listed in the FDA's publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "*Orange Book*") as covering Lialda®.

11. Upon information and belief, Osmotica prepared and submitted an Abbreviated New Drug Application ("ANDA") No. 203043 ("the Osmotica ANDA") to FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA") (codified at 21 U.S.C. § 355(j)) seeking approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of generic mesalamine delayed release tablets, containing 1.2g of mesalamine as the active ingredient ("the Osmotica Product") and included a "paragraph IV" certification seeking approval before patent expiration.

12. 21 U.S.C. § 355(j)(2)(B)(iv)(II) requires that a letter notifying a patent holder of the filing of an ANDA containing a paragraph IV certification "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed." Likewise, 21 C.F.R. § 314.95(c)(6) requires that such a letter include "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent is not valid, unenforceable, or will not be infringed." The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not

infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." 21 C.F.R. §§ 314.95(c)(6)(i)-(ii).

13. Osmotica sent letters addressed to Shire Development, Inc. (now Shire Development LLC), Shire Pharmaceutical Development, Inc., Cosmo Technologies Limited, and Philip A. DuBois and Benoit Castel of the law firm Young & Thompson, each dated February 1, 2012, purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and § 505(j)(2)(B)(ii) of the FDCA regarding the Osmotica Product ("the Osmotica Notice Letter").

14. The Osmotica Notice Letter provides insufficient basis for the determination of any alleged non-infringement and/or invalidity of the '720 patent. Specifically, it does not provide "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent is not valid, unenforceable, or will not be infringed," as required under 21 C.F.R. § 314.95(c)(6).

15. The Osmotica Notice Letter included an attachment titled "Offer of Confidential Access to Application No. 203043 Pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III)" ("the Offer of Confidential Access"). Plaintiffs' counsel have contacted Osmotica through their counsel, objecting to certain provisions of the Offer of Confidential Access as unreasonable and requesting, *inter alia*,

confidential access to the Osmotica ANDA in its entirety. As of the date of this Complaint, Osmotica has not granted such access.

16. Plaintiffs believe that infringement of valid patent claims exists, but must resort to the judicial process to fully assess Osmotica's potential defenses to Plaintiffs' claims, in light of Osmotica's denial of confidential access to the Osmotica ANDA in its entirety and the extremely limited information provided in the Osmotica Notice Letter. *See, e.g.*, 21 U.S.C. § 355(j)(2)(B)(iv)(II); 21 C.F.R. § 314.95(c)(6).

## FIRST COUNT

(Infringement of the '720 Patent by Osmotica)

17. Shire, Cosmo, and Giuliani, repeat and re-allege each of foregoing paragraphs as if fully set forth herein.

18. The '720 patent, titled "Mesalazine Controlled Release Oral Pharmaceutical Compositions," was duly and legally issued by the United States Patent and Trademark Office on August 10, 2004 to Roberto Villa, Massimo Pedrani, Mauro Ajani, and Lorenzo Fossati, who assigned to Cosmo S.p.A. Cosmo S.p.A. granted Giuliani S.p.A. an exclusive license for the '720 patent. Giuliani S.p.A., in turn, granted Shire Pharmaceutical Development Inc. an exclusive sublicense for the '720 patent. Subsequently, Giuliani S.p.A. assigned the license agreement with Shire Pharmaceutical Development Inc. to Giuliani, and Cosmo

became the owner of the ’720 patent on assignment from Cosmo S.p.A.

19. Upon information and belief, Osmotica seeks FDA approval for the manufacture and/or distribution of the Osmotica Product.

20. Upon information and belief, the Osmotica ANDA includes a paragraph IV certification to the ’720 patent to obtain approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of the Osmotica Product before the expiration of the ’720 patent.

21. Upon information and belief, Osmotica will commercially manufacture, sell, offer for sale, and/or import the Osmotica Product immediately upon FDA approval.

22. Upon information and belief, as of the date of the Osmotica Notice Letter, Osmotica was aware of the statutory provisions and regulations set forth in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(6).

23. The submission and filing of ANDA No. 203043 with a paragraph IV certification to the ’720 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of the Osmotica Product before the expiration of the ’720 patent is an act of infringement by Osmotica of one or more claims of the ’720 patent under 35 U.S.C. § 271(e)(2)(A).

24. Upon information and belief, the commercial manufacture, use, sale, offer for sale and/or importation into the United States of the Osmotica Product that is the subject of ANDA No. 203043 will infringe one or more claims of the ’720 patent under 35 U.S.C. § 271.

25. Upon information and belief, the sale or offer for sale of the Osmotica Product by Osmotica would induce and/or contribute to third-party infringement of one or more claims of the ’720 patent under 35 U.S.C. § 271.

26. Upon information and belief, as of the date of the Osmotica Notice Letter, Osmotica was aware of the existence of the ’720 patent and acted without a reasonable basis for believing that it would not be liable for infringement of the ’720 patent, thus rendering this case “exceptional” under 35 U.S.C. § 285.

27. The acts of infringement set forth above will cause Shire, Cosmo, and Giuliani irreparable harm for which none have adequate remedy at law, unless Osmotica is preliminarily and permanently enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) A judgment declaring that the ’720 patent is valid and enforceable;

(b) A judgment declaring that, pursuant to 35 U.S.C. § 271(e)(2)(A), the submission and filing of ANDA No. 203043 with a paragraph IV certification to

the FDA to obtain approval for the commercial manufacture, use, sale, offer for sale and/or importation in the United States of the products that are the subject of ANDA No. 203043 prior to the expiration of the ’720 patent was an act of infringement of the ’720 patent by Osmotica;

(c) A judgment declaring that, pursuant to 35 U.S.C. § 271(e)(2)(A) and/or 35 U.S.C. § 271(a), the commercial manufacture, use, sale, offer for sale and/or importation in the United States of the products that are the subject of ANDA No. 203043 prior to the expiration of the ’720 patent will constitute an act of infringement of the ’720 patent by Osmotica;

(d) A judgment declaring that, pursuant to 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c), the commercial manufacture, use, sale, offer for sale and/or importation in the United States of the products that are the subject of ANDA No. 203043 by Osmotica would induce and/or contribute to third-party infringement of the ’720 patent;

(e) An order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the product that is the subject of ANDA No. 203043 shall be no earlier than the date on which the ’720 patent expires;

(f) A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) preliminarily and permanently enjoining Osmotica, its officers, agents, servants, employees and

attorneys, and those persons in active concert or participation or privity with them or any of them, from engaging in the commercial manufacture, use, sale, offer to sale and/or importation in the United States of the products that are the subject of ANDA No. 203043 until the expiration of the ’720 patent;

(g) A judgment awarding Shire damages or other monetary relief, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, if Osmotica commercially manufactures, uses, sells, offers to sell and/or imports any products that are the subject of ANDA No. 203043 prior to the expiration of the ’720 patent;

(h) A judgment declaring that Osmotica’s infringement of the ’720 patent based on ANDA No. 203043 is willful if Osmotica commercially manufactures, uses, sells, offers to sell and/or imports any products that are the subject of ANDA No. 203043 prior to the expiration of the ’720 patent;

(i) A judgment declaring that, pursuant to 35 U.S.C. § 285, this is an exceptional case and awarding Shire its attorneys’ fees and costs;

(j) Such other and further relief as this Court may deem just and proper.

Respectfully submitted, this 16th day of March, 2012.

/s/ David A. Rabin
David A. Rabin
Georgia Bar No. 591469
Jason Eakes
Georgia Bar No. 237048
Morris Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326-1044
(404) 233-7000 (telephone)
(404) 365-9532 (facsimile)
drabin@mmmlaw.com
jeakes@mmmlaw.com

*Attorneys for Plaintiffs*

*Of Counsel*

Edgar H. Haug
Mark P. Walters
Jason Lief
Andrew Wasson
Elizabeth Murphy
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
(212) 588-0800

*Pro hac vice applications forthcoming*