**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| SHIRE DEVELOPMENT LLC,<br>SHIRE PHARMACEUTICAL<br>DEVELOPMENT INC.,<br>COSMO TECHNOLOGIES LIMITED,<br>and<br>GIULIANI INTERNATIONAL<br>LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>OSMOTICA PHARMACEUTICAL<br>CORP.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:12-cv-00904-AT |

**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiffs Shire Development LLC, Shire Pharmaceutical Development Inc., Cosmo Technologies Limited, and Giuliani International Limited, (collectively, "Plaintiffs") by their undersigned attorneys, answer the Counterclaims of defendant Osmotica Pharmaceutical Corp. ("Osmotica"), as follows:

**COUNTERCLAIMS**

31. Defendant/Counterclaim-Plaintiff Osmotica Pharmaceutical Corp. ("Osmotica") brings the following Counterclaims against Plaintiffs/Counterclaim-Defendants Shire Development LLC, Shire Pharmaceutical Development Inc.

(collectively, "Shire"), Cosmo Technologies Limited ("Cosmo"), and Giuliani International Limited ("Giuliani") (collectively, "Counterclaim-Defendants") for a declaratory judgment that the '720 [sic] is invalid and not infringed by the Osmotica ANDA Product.

**ANSWER:**

To the extent paragraph 31 contains allegations requiring a response, Plaintiffs admit that Osmotica purports to bring its Counterclaims against Plaintiffs for a declaratory judgment that U.S. Patent No. 6,773,720 ("the '720 patent") is invalid and not infringed by the product that is the subject of Abbreviated New Drug Application ("ANDA") No. 203043 (the "Osmotica ANDA Product"). Except as expressly admitted, Plaintiffs deny the remaining allegations in paragraph 31.

**THE PARTIES**

32. Counterclaim-Plaintiff Osmotica is a corporation organized and existing under the laws of Delaware having a place of business at 1205 Culbreth Drive, Suite 200, Wilmington, North Carolina 28405.

**ANSWER:**

Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore deny them.

33. Upon information and belief, Counterclaim-Defendant Shire Development LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 725 Chesterbrook Boulevard, Wayne, Pennsylvania 19087.

**ANSWER:**

Plaintiffs admit that Shire Development LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 725 Chesterbrook Boulevard, Wayne, Pennsylvania 19087.

34. Upon information and believe [sic], Counterclaim-Defendant Shire Pharmaceutical Development Inc. is a corporation organized and existing under the laws of the State of Maryland, having its principal place of business at 1801 Research Boulevard, Rockville, Maryland 20850.

**ANSWER:**

Plaintiffs admit that Shire Pharmaceutical Development Inc. is a corporation organized and existing under the laws of the State of Maryland, having its principal place of business at 1801 Research Boulevard, Rockville, Maryland 20850.

35. Upon information and belief, Counterclaim-Defendant Cosmo Technologies Limited is a company organized and existing under the laws of Ireland, having its principal place of business at 2, Duncairn Terrace, Bray Co.,

Wicklow, Ireland.

**ANSWER:**

Plaintiffs admit that Cosmo Technologies Limited is a company organized and existing under the laws of Ireland, having its principal place of business at 2, Duncairn Terrace, Bray Co., Wicklow, Ireland.

36. Upon information and believe [sic], Counterclaim-Defendant Giuliani International Limited is a company organized and existing under the laws of Ireland, having its principal place of business at 33 Sir John Rogerson's Quay, Dublin 2, Ireland.

**ANSWER:**

Plaintiffs admit that Giuliani International Limited is a company organized and existing under the laws of Ireland, having its principal place of business at 33 Sir John Rogerson's Quay, Dublin 2, Ireland.

## JURISDICTION AND VENUE

37. Counterclaim-Defendants have brought the current action against Osmotica for allegedly infringing the '720 patent. There exists an actual case or controversy between Osmotica and Counterclaim-Defendants as to Osmotica's alleged infringement of the '720 patent.

**ANSWER:**

Plaintiffs admit that they have brought the current action against Osmotica for infringement of the ’720 patent. Plaintiffs admit that there presently is a case or controversy between Plaintiffs and Osmotica as to Osmotica’s infringement of the claims of the ’720 patent that are asserted or will be asserted. Except as expressly admitted, Plaintiffs deny the remaining allegations of paragraph 37.

38. This Court has subject matter jurisdiction over the counterclaims for declaratory judgment pursuant to 28 U.S.C. § [sic] 2201, 2202, 1331, 1338(a) and 1367, based on an actual controversy between Osmotica and Counterclaim-Defendants arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

**ANSWER:**

Plaintiffs admit that this Court presently has subject matter jurisdiction over Osmotica’s Counterclaims.

39. Venue is proper in this district pursuant to 28 U.S.C. § [sic] 1391, 1400(b), and by Counterclaim-Defendants’ choice of forum.

**ANSWER:**

Plaintiffs admit that venue is proper in the Northern District of Georgia.

**FIRST COUNT**
**(Declaration of Noninfringement of the ’720 Patent)**

40. Osmotica incorporates by reference the allegations set forth in Paragraphs 31 through 39 of the Counterclaims as if fully set forth herein.

**ANSWER:**

Plaintiffs repeat and reassert their responses to paragraphs 31 through 39 as though fully set forth herein.

41. There is an actual case or controversy as to the infringement of claims 1 through 4 of the ’720 patent.

**ANSWER:**

Plaintiffs admit that there presently is a case or controversy between Plaintiffs and Osmotica as to Osmotica’s infringement of the claims of the ’720 patent that are asserted or will be asserted. Except as expressly admitted, Plaintiffs deny the remaining allegations of paragraph 41.

42. The claims of the ’720 patent, including claims 1 through 4 thereof, will not be infringed by the manufacture, use, sale, offer for sale, or importation of the Osmotica ANDA Product.

**ANSWER:**

Plaintiffs deny the allegations of paragraph 42.

**SECOND COUNT**
**(Declaration of Invalidity of the ’720 Patent)**

43. Osmotica incorporates the allegations set forth in Paragraphs 31

through 42 of the Counterclaims as if fully set forth herein.

**ANSWER:**

Plaintiffs repeat and reassert their responses to paragraphs 31 through 42 as though fully set forth herein.

44. There is an actual case or controversy as to the validity of each claim of the ’720 patent.

**ANSWER:**

Plaintiffs admit that there presently is a case or controversy between Plaintiffs and Osmotica as to validity of the claims of the ’720 patent that are asserted or will be asserted. Except as expressly admitted, Plaintiffs deny the remaining allegations of paragraph 44.

45. The ’720 patent, and each of the claims therein, is invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

**ANSWER:**

Plaintiffs deny the allegations of paragraph 45.

**THIRD COUNT**
**(Exceptional Case)**

46. Osmotica incorporates the allegations set forth in Paragraphs 31 through 45 of the Counterclaims as if fully set forth herein.

**ANSWER:**

Plaintiffs repeat and reassert their responses to paragraphs 31 through 45 as though fully set forth herein.

47. At the time Counterclaim-Defendants filed the Complaint in this action, Counterclaim Defendants [sic] had not made a good faith inquiry into the allegations against Osmotica for infringement of the ’720 patent.

**ANSWER:**

Plaintiffs deny the allegations of paragraph 47.

48. At the time Counterclaim-Defendants filed the Complaint in this action, Counterclaim-Defendants had no objectively reasonable basis for charging Osmotica with infringement of the ’720 patent.

**ANSWER:**

Plaintiffs deny the allegations of paragraph 48.

49. This action is an exceptional case within the meaning of 35 U.S.C. § 285.

**ANSWER:**

Plaintiffs deny the allegations of paragraph 49.

**PRAYER FOR RELIEF**

Plaintiffs deny that Osmotica is entitled to the judgment and relief requested in the Prayer for Relief set forth in the Counterclaims, request that the Counterclaims be dismissed with prejudice, and request such other and further relief as this Court may deem just and proper.

/s/David A. Rabin
David A. Rabin
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532
drabin@mmmlaw.com
jeakes@mmmlaw.com

Edgar H. Haug*
Mark P. Walters*
Jason Lief*
Andrew Wasson*
Elizabeth Murphy*
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs*
*Shire Development LLC*
*Shire Pharmaceutical Development Inc.,*
*Cosmo Technologies Limited, and*
*Giuliani International Limited*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SHIRE DEVELOPMENT LLC, SHIRE PHARMACEUTICAL DEVELOPMENT INC., COSMO TECHNOLOGIES LIMITED, and GIULIANI INTERNATIONAL LIMITED, Plaintiffs, | ) | Civil Action File No. 1:12-cv-00904-AT |
| v. | ) | |
| OSMOTICA PHARMACEUTICAL CORP., Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2012, a true and correct copy of the foregoing document was filed electronically in the United States District Court for the Northern District of Georgia using the CM/ECF system, which will automatically send e-mail notification of such filings to counsel of record.

/s/ David A. Rabin
David A. Rabin



6866532 v01