**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SHIRE DEVELOPMENT LLC, SHIRE PHARMACEUTICAL DEVELOPMENT INC., COSMO TECHNOLOGIES LIMITED, and GIULIANI INTERNATIONAL LIMITED, | ) | |
| Plaintiffs, | ) | Civil Action No. 1:12-cv-00904-AT |
| v. | ) | |
| OSMOTICA KERESKEDELMI ÉS SZOLGÁLTATÓ KFT, OSMOTICA PHARMACEUTICAL CORP. and OSMOTICA PHARMACEUTICAL ARGENTINA S.A, | ) | |
| Defendants. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIMS TO**
**<u>FIRST AMENDED COMPLAINT</u>**

Defendants Osmotica Kereskedelmi és Szolgáltató Kft ("Osmotica Kft"), Osmotica Pharmaceutical Corp. ("Osmotica Pharmaceutical"), and Osmotica Pharmaceutical Argentina S.A. ("Osmotica Argentina"), (collectively, "Defendants"), by and through their attorneys, respond to each of the numbered paragraphs in the First Amended Complaint by Plaintiffs Shire Development LLC,

Shire Pharmaceutical Development Inc. (collectively, "Shire"), Cosmo Technologies Limited ("Cosmo"), and Giuliani International Limited ("Giuliani") (collectively, "Plaintiffs"), as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, involving United States Patent No. 6,773,720 ("the '720 patent" or "the patent-in-suit") (attached as Exhibit A).

**ANSWER:**

Admitted that this action arises under the patent laws of the United States and that Plaintiffs have asserted infringement of U.S. Patent No. 6,773,720 ("the '720 patent"), a copy of which was purportedly attached as Exhibit A to the First Amended Complaint. Defendants deny the remaining allegations in Paragraph 1 of the First Amended Complaint.

## THE PARTIES

2. Plaintiff Shire Development LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 725 Chesterbrook Boulevard, Wayne, Pennsylvania 19087.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the First Amended Complaint and, therefore, deny them.

3. Plaintiff Shire Pharmaceutical Development Inc. is a corporation organized and existing under the laws of the State of Maryland, having its principal place of business at 1801 Research Boulevard, Rockville, Maryland 20850.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the First Amended Complaint and, therefore, deny them.

4. Plaintiff Cosmo is a company organized and existing under the laws of Ireland, having its principal place of business at 2, Duncairn Terrace, Bray Co., Wicklow, Ireland.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the First Amended Complaint and, therefore, deny them.

5. Plaintiff Giuliani is a company organized and existing under the laws of Ireland, having its principal place of business at 33 Sir John Rogerson's Quay, Dublin 2, Ireland.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the First Amended Complaint and, therefore, deny them.

6. Plaintiffs discovered the existence of Osmotica Kft and Osmotica Argentina (which were not revealed in defendant Osmotica Pharmaceutical's letter addressed to Shire, Cosmo, and Philip A. DuBois and Benoit Castel of the law firm Young & Thompson, dated February 1, 2012, purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and § 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act

("FDCA") (the "Osmotica Notice Letter")) by virtue of review of Abbreviated New Drug Application ("ANDA") No. 203043, which was produced after the initial filing of the Complaint against Osmotica Pharmaceutical. Plaintiffs then inquired of Defendants' counsel about the corporate relationship of the Defendants and their relationship to ANDA No. 203043, but have not received any information to date. Plaintiffs believe, based upon their current investigation, that the facts alleged about the Defendants in this Amended Complaint are true, but resort to the judicial process and the aid of discovery for further verification.

**ANSWER:**

Admitted that the Notice Letter dated February 1, 2012, pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and § 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act sent on behalf of Osmotica Pharmaceutical did not identify Osmotica Kft or Osmotica Argentina. Admitted that Abbreviated New Drug Application No. 203043 was produced to Plaintiffs on May 8, 2012, after the initial Complaint was filed on March 16, 2012, in accordance with the Local Rules of the Northern District of Georgia. Further admitted that Plaintiffs sent a letter to counsel for Osmotica Pharmaceutical at 8:46 PM on Friday, May 11, 2012, requesting that information regarding Osmotica Kft and Osmotica Argentina be provided no later than close of business on Monday, May 14, 2012, and that, before Defendants were

able to respond, Plaintiffs filed the First Amended Complaint on Tuesday, May 15, 2012. Defendants deny the remaining allegations in Paragraph 6 of the First Amended Complaint.

7. Upon information and belief, Osmotica Kft is a company organized and existing under the laws of Hungary and maintaining an office located at Tolgyfa u. 24. IV. ep. 10271 Budapest, Hungary. Upon information and belief, Osmotica Kft is engaged in the development and sale of pharmaceutical products throughout the world, including in the United States.

**ANSWER:**

Admitted that Osmotica Kft is a company organized and existing under the laws of Hungary and maintains an office at Tolgyfa u. 24. IV. ep. 10271 Budapest, Hungary. Further admitted that Osmotica Kft is involved in the development and sale of pharmaceutical products in various countries. Defendants deny the remaining allegations in Paragraph 7 of the First Amended Complaint.

8. Upon information and belief, Osmotica Pharmaceutical is a company organized and existing under the laws of the State of Delaware and operating in the State of Georgia. Upon information and belief, Osmotica is registered to transact

business in the State of Georgia and maintains an office at 895 Sawyer Road, Marietta, Georgia 30062. Upon information and belief, Corporation Service Company is the registered agent for Osmotica in the State of Georgia. Corporation Service Company is located at 40 Technology Parkway South, Norcross, Georgia 30092.

**ANSWER:**

Admitted that Osmotica Pharmaceutical Corp. is a company organized and existing under the laws of the state of Delaware. Further admitted that Osmotica Pharmaceutical manufactures and sells pharmaceutical products in the United States and has a facility at 895 Sawyer Road, Marietta, Georgia 30062. Further admitted that Corporation Service Company is the registered agent for Osmotica Pharmaceutical in the State of Georgia, and that the former is located at 40 Technology Parkway South #300, Norcross, Georgia 30092. Further admitted that Osmotica Pharmaceutical is registered to transact business in the State of Georgia. Defendants deny the remaining allegations in Paragraph 8 of the First Amended Complaint.

9. Upon information and belief, Osmotica Pharmaceutical is a wholly owned subsidiary of Osmotica Kft. Upon information and belief, Osmotica

Pharmaceutical acts at the direction of, under the control of, and for the direct benefit of Osmotica Kft and is controlled and/or dominated by Osmotica Kft.

**ANSWER:**

Admitted that Osmotica Pharmaceutical is a wholly owned subsidiary of Osmotica Kft. The remaining assertions in Paragraph 9 of the First Amended Complaint comprise legal conclusions to which no answer is required. To the extent an answer to any factual allegations not otherwise addressed herein is required, Defendants deny said allegations.

10. Upon information and belief, Osmotica Argentina is a public limited company organized and existing under the laws of Argentina and operating at its principal place of business, located at Francisco Acuña de Figueroa 821, (C1180AA0), Buenos Aires, Argentina. Upon information and belief, Osmotica Argentina is engaged in the development and manufacture of pharmaceutical products throughout the world, including in the United States.

**ANSWER:**

Admitted that Osmotica Argentina is a public limited company organized and existing under the laws of Argentina and has a principal place of business located at Francisco Acuña de Figueroa 821, (C1180AA0), Buenos Aires,

Argentina. Further admitted that Osmotica Argentina is involved in the research and development of pharmaceutical products. Defendants deny the remaining allegations of Paragraph 10 of the First Amended Complaint.

11. Upon information and belief, Osmotica Kft owns 75% of Osmotica Argentina's shares.

**ANSWER:**

Admitted that Osmotica Kft is the parent corporation of Osmotica Argentina. Defendants deny the remaining allegations of Paragraph 11 of the First Amended Complaint.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court under 28 U.S.C. §§ 1391(c) and 1400(b).

**ANSWER:**

For purposes of this action only, Defendants do not contest subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) nor venue in this judicial district. The remaining assertions in Paragraph 12 of the First Amended Complaint comprise legal conclusions to which no answer is required. To the extent an

answer to any factual allegations not otherwise addressed herein is required, Defendants deny said allegations.

13. This Court has personal jurisdiction over Osmotica Pharmaceutical. Osmotica Pharmaceutical has submitted to personal jurisdiction in this Court because, *inter alia*, it resides, and is doing business in, this judicial district.

**ANSWER:**

For purposes of this action only, Osmotica Pharmaceutical does not contest personal jurisdiction in this judicial district. The remaining assertions in Paragraph 13 of the First Amended Complaint comprise legal conclusions to which no answer is required. To the extent an answer to any factual allegation not otherwise addressed herein is required, Defendants deny said allegation.

14. Upon information and belief, Osmotica Kft is the applicant for ANDA No. 203043, filed with the U.S. Food and Drug Administration ("FDA"), seeking approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation into the United States of generic mesalamine delayed release tablets, containing 1.2g of mesalamine as the active ingredient ("the Osmotica Product").

**ANSWER:**

Admitted that Osmotica Kft is the "Applicant" for ANDA No. 203043 and submitted ANDA No. 203043, through its U.S. Agent, Osmotica Pharmaceutical, with the FDA. Admitted that ANDA No. 203043 seeks FDA approval to market mesalamine delayed release tablets containing 1.2 g of mesalamine as the active ingredient ("the Osmotica ANDA Product"). Defendants deny any remaining allegations in Paragraph 14 of the First Amended Complaint.

15. Upon information and belief, Osmotica Pharmaceutical submitted ANDA No. 203043 on behalf of Osmotica Kft. Upon information and belief, Osmotica Kft has authorized Osmotica Pharmaceutical to act as Osmotica Kft's agent with respect to, *inter alia*, regulatory correspondence concerning and the filing of ANDA No. 203043.

**ANSWER:**

Admitted that Osmotica Pharmaceutical submitted ANDA No. 203043 as the U.S. Agent for Osmotica Kft. Further admitted that, solely for purposes of ANDA No. 203043, Osmotica Kft designated Osmotica Pharmaceutical as its permanent-resident agent to act as the agent upon whom service of processes, notices, orders, decisions, requirements, and other communications should be made

on behalf of Osmotica Kft. Defendants deny any remaining allegations in Paragraph 15 of the First Amended Complaint.

16. Upon information and belief, Osmotica Kft, Osmotica Pharmaceutical, and Osmotica Argentina share a unity of interest and ownership with respect to, *inter alia*, the Osmotica Product and ANDA No. 203043. Upon information and belief, research and development of the Osmotica Product that is the subject of ANDA No. 203043 was conducted at Osmotica Argentina's facilities. Upon information and belief, Osmotica Kft, Osmotica Pharmaceutical, and Osmotica Argentina worked in concert to prepare ANDA No. 203043 for submission to FDA.

**ANSWER:**

Admitted that certain research and development of the Osmotica ANDA Product was conducted at Osmotica Argentina's facilities. Further admitted that Osmotica Kft is the owner of the Osmotica ANDA Product and the Osmotica ANDA. Further admitted that Osmotica Pharmaceutical prepared and submitted the Osmotica ANDA to the FDA on behalf of Osmotica Kft. The remaining assertions in Paragraph 16 of the First Amended Complaint comprise legal conclusions to which no answer is required. To the extent an answer to any factual

allegation not otherwise addressed herein is required, Defendants deny said allegation.

17. Upon information and belief, Osmotica Argentina operated as an instrumentality for the preparation and submission of ANDA No. 203043, which seeks approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation into the United States of the Osmotica Product.

**ANSWER:**

Admitted that certain research and development of the Osmotica ANDA Product was conducted at Osmotica Argentina's facilities. Admitted that ANDA No. 203043 seeks FDA approval to market the Osmotica ANDA Product in the United States. Denied that Osmotica Argentina prepared or submitted the Osmotica ANDA to the FDA. The remaining assertions in Paragraph 17 of the First Amended Complaint comprise legal conclusions to which no answer is required. To the extent an answer to any factual allegation not otherwise addressed herein is required, Defendants deny said allegation.

18. Upon information and belief, Osmotica Kft, Osmotica Pharmaceutical, and Osmotica Argentina operate in concert with each other and

hold themselves out in the marketplace as one entity. Upon information and belief, Defendants maintain a shared website, http://www.osmotica.com (the "Osmotica website"), which states, under the heading "Our Company," that "Osmotica Pharmaceutical is a global pharmaceutical company specializing in drug delivery technologies and neurology based therapies." Under the same heading, the website further states, "Osmotica is an international group of companies with principal operations in the United States, Argentina and Osmotica Kft in Hungary."

**ANSWER:**

Admitted that the quoted language currently appears on the website http://www.osmotica.com. Admitted that Osmotica Pharmaceutical maintains this website. The remaining assertions in Paragraph 18 of the First Amended Complaint comprise legal conclusions to which no answer is required. To the extent an answer to any factual allegation not otherwise addressed herein is required, Defendants deny said allegation.

19. Upon information and belief, Defendants share unity of interest and ownership over business relationships for the sale of pharmaceutical products in the United States. The Osmotica website lists Nifedipine Extended-release

Tablets, Venlafaxine Extended Release Tablets, and Oxybutynin Chloride Extended-Release Tablets as such products sold in the United States.

**ANSWER:**

Admitted that the website http://www.osmotica.com/index.php?flag=products_u_s currently lists "Nifedipine Extended-release Tablets," "Venlafaxine Extended Release Tablets," and "Oxybutynin Chloride Extended-Release Tablets" among "Products Approved for Our Partners in the U.S." The remaining assertions in Paragraph 19 of the First Amended Complaint comprise legal conclusions to which no answer is required. To the extent an answer to any factual allegation not otherwise addressed herein is required, Defendants deny said allegation.

20. Upon information and belief, Defendants derive substantial revenue from the sale of pharmaceutical products within this judicial district. Upon information and belief, Walgreen Co. sells Defendants' Venlafaxine Extended Release Tablets through a broad distribution network in this judicial district, with nine locations in Marietta, Georgia alone. Upon information and belief, CVS/pharmacy sells Defendants' Nifedipine Extended-release Tablets through a

broad distribution network in this judicial district, with twelve locations in Marietta, Georgia alone.

**ANSWER:**

Admitted that Osmotica Pharmaceutical markets and sells pharmaceutical products for the United States market, including in the State of Georgia. With respect to the alleged sale of Venlafaxine and Nifedipine by Walgreen Co. and CVS, respectively, in Marietta, Georgia, as alleged in paragraph 20 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny them. The remaining assertions in Paragraph 20 of the First Amended Complaint comprise legal conclusions to which no answer is required. To the extent an answer to any factual allegation not otherwise addressed herein is required, Defendants deny said allegation.

21. Upon information and belief, Osmotica Pharmaceutical and Osmotica Argentina share certain officers and/or directors.

**ANSWER:**

Admitted.

22. Upon information and belief, this Court has personal jurisdiction over Osmotica Kft. Upon information and belief, Osmotica Kft has submitted to personal jurisdiction in this Court because, *inter alia*, it resides and is doing business within this judicial district through its agent, Osmotica Pharmaceutical.

**ANSWER:**

Denied that this Court has personal jurisdiction over Osmotica Kft. However, for purposes of this action only, Osmotica Kft does not contest personal jurisdiction in this judicial district. The remaining assertions in Paragraph 22 of the First Amended Complaint comprise legal conclusions to which no answer is required. To the extent an answer to any factual allegation not otherwise addressed herein is required, Defendants deny said allegation.

23. Upon information and belief, by virtue of, *inter alia*, Osmotica Argentina's relationship with Osmotica Kft and/or Osmotica Pharmaceutical in connection with the preparation and/or filing of ANDA No. 203043, this Court has personal jurisdiction over Osmotica Argentina.

**ANSWER:**

Denied that this Court has personal jurisdiction over Osmotica Argentina. However, for purposes of this action only, Osmotica Argentina will not contest

personal jurisdiction in this judicial district. The remaining assertions in Paragraph 23 of the First Amended Complaint comprise legal conclusions to which no answer is required. To the extent an answer to any factual allegation not otherwise addressed herein is required, Defendants deny said allegation.

**FACTS AS TO ALL COUNTS**

24. Shire Development LLC is the owner of New Drug Application ("NDA") No. 22-000, approved by the U.S. Food and Drug Administration ("FDA") for the manufacture and sale of mesalamine delayed release tablets, containing 1.2g mesalamine, which are commercialized under the name of Lialda®. Lialda® is indicated for the induction of remission in adults with active, mild to moderate ulcerative colitis and for the maintenance of remission of ulcerative colitis.

**ANSWER:**

Admitted that the FDA electronic publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" ("Orange Book") currently lists "Shire" as the applicant in connection with New Drug Application ("NDA") No. 22-000 (Proprietary Name: Lialda®), with the dosage form, active ingredient, and strength thereof being described in the Orange Book as "tablet, delayed release; oral," "mesalamine," and "1.2 gm," respectively, and that products labeled

Lialda® are sold in the United States. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the First Amended Complaint and, therefore, deny them.

25. Pursuant to 21 U.S.C. § 355(b)(1), the patent-in-suit is listed in the FDA's publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "*Orange Book*") as covering Lialda®.

**ANSWER:**

Admitted that the FDA electronic Orange Book currently lists the '720 patent in connection with NDA 22-000 (Proprietary Name: Lialda®). Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the First Amended Complaint and, therefore, deny them.

26. Upon information and belief, Defendants prepared and submitted the Osmotica ANDA to FDA under § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) seeking approval to engage in the commercial manufacture, use, sale, offer

for sale, and/or importation into the United States of the Osmotica Product and included a "paragraph IV" certification seeking approval before patent expiration.

**ANSWER:**

Admitted that Osmotica Kft is the "Applicant" for the Osmotica ANDA and submitted the Osmotica ANDA, through its U.S. Agent, Osmotica Pharmaceutical, to the FDA. Admitted that the Osmotica ANDA seeks FDA approval to market the Osmotica ANDA Product, and that the Osmotica ANDA contains a Paragraph IV Certification with respect to the '720 patent. Further admitted that Osmotica Pharmaceutical currently intends to market the Osmotica ANDA Product, on behalf of Osmotica Kft, as soon as permitted to do so by the applicable statutes and regulations. Defendants deny any remaining allegations in Paragraph 26 of the First Amended Complaint.

27. 21 U.S.C. § 355(j)(2)(B)(iv)(II) requires that a letter notifying a patent holder of the filing of an ANDA containing a paragraph IV certification "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed." Likewise, 21 C.F.R. § 314.95(c)(6) requires that such a letter include "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent is not valid, unenforceable, or will not

be infringed." The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." 21 C.F.R. §§ 314.95(c)(6)(i)-(ii).

**ANSWER:**

Paragraph 27 of the First Amended Complaint contains a recitation of laws and regulations, to which no answer is required. Defendants deny any factual allegations in Paragraph 27 of the First Amended Complaint.

28. Osmotica Pharmaceutical sent letters addressed to Shire Development, Inc. (now Shire Development LLC), Shire Pharmaceutical Development, Inc., Cosmo Technologies Limited, and Philip A. DuBois and Benoit Castel of the law firm Young & Thompson, each dated February 1, 2012, purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and § 505(j)(2)(B)(ii) of the FDCA regarding the Osmotica Product ("the Osmotica Notice Letter").

**ANSWER:**

Admitted that Osmotica Pharmaceutical sent Notice Letters ("the Osmotica Notice Letter"), dated February 1, 2012, to Shire Development, Inc., Shire

Pharmaceutical Development, Inc., Cosmo Technologies Limited, and Philip A. DuBois and Benoit Castel of Young & Thompson pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and Section 505(j)(2)(B)(ii) of the Federal Food, Drug and Cosmetic Act. Defendants deny any remaining allegations in Paragraph 28 of the First Amended Complaint.

29. The Osmotica Notice Letter provides insufficient basis for the determination of any alleged non-infringement and/or invalidity of the ’720 patent. Specifically, it does not provide “[a] detailed statement of the factual and legal basis of applicant’s opinion that the patent is not valid, unenforceable, or will not be infringed,” as required under 21 C.F.R. § 314.95(c)(6).

**ANSWER:**

Paragraph 29 of the First Amended Complaint contains a recitation of laws and regulations, to which no answer is required. Defendants deny all remaining allegations in Paragraph 29 of the First Amended Complaint.

30. The Osmotica Notice Letter includes an attachment titled “Offer of Confidential Access to Application No. 203043 Pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III)” (“the Offer of Confidential Access”). Plaintiffs’ counsel have

contacted Osmotica Pharmaceutical, objecting to certain provisions of the Offer for Confidential Access as unreasonable and requesting, *inter alia*, confidential access to the Osmotica ANDA in its entirety. Prior to the date Plaintiffs filed their Complaint, Osmotica Pharmaceutical did not grant such access.

**ANSWER:**

Admitted that the Osmotica Notice Letter included an "Offer of Confidential Access" ("the Offer") to ANDA No. 203043 Pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III). Further admitted that counsel for Plaintiffs contacted Osmotica Pharmaceutical through its counsel, and objected to certain provisions of the Offer. Admitted that, in response, Osmotica Pharmaceutical indicated its willingness to provide access to information sufficient to permit Plaintiffs to confirm Osmotica Pharmaceutical's representations set forth in the Osmotica Notice Letter and, further, that Plaintiffs unreasonably demanded access to Osmotica Pharmaceutical's confidential information that was irrelevant to Plaintiffs' evaluation of the representations set forth in the Osmotica Notice Letter. Further admitted that, as of the date of Plaintiffs' initial Complaint, selected portions of the Osmotica ANDA sufficient to establish the composition of the Osmotica ANDA Product and its manufacturing details were offered to Plaintiffs pursuant to the Offer, but Plaintiffs did not accept those terms. Further admitted

that the Osmotica ANDA was produced to Plaintiffs on an outside attorneys' eyes only basis on May 8, 2012. Defendants deny any remaining allegations in Paragraph 30 of the First Amended Complaint.

31. Plaintiffs believe that infringement of valid patent claims exist, but must resort to the judicial process to fully assess Osmotica Pharmaceutical's potential defenses to Plaintiffs' claims, in light of Osmotica Pharmaceutical's denial of confidential access to the Osmotica ANDA in its entirety and the extremely limited information provided in the Osmotica Notice Letter. *See, e.g.*, 21 U.S.C. § 355(j)(2)(B)(iv)(II); 21 C.F.R. § 314.95(c)(6).

**ANSWER:**

Denied that Osmotica Pharmaceutical failed to offer Plaintiffs confidential access to relevant portions of the Osmotica ANDA in support of the statements set forth in the Osmotica Notice Letter. Further admitted that the Osmotica ANDA was produced to Plaintiffs on an outside attorneys' eyes only basis on May 8, 2012. Defendants are without sufficient facts to either admit or deny Plaintiffs' belief and, therefore, deny all remaining allegations of Paragraph 31 of the First Amended Complaint.

**FIRST COUNT**
(Infringement of the ’720 Patent by Defendants)

32. Plaintiffs repeat and re-allege each of foregoing paragraphs as if fully set forth herein.

**ANSWER:**

Defendants incorporate by reference and re-allege each of the responses to Paragraphs 1-31 above, as if set forth specifically herein.

33. The ’720 patent, titled “Mesalazine Controlled Release Oral Pharmaceutical Compositions,” was duly and legally issued by the United States Patent and Trademark Office on August 10, 2004 to Roberto Villa, Massimo Pedrani, Mauro Ajani, and Lorenzo Fossati, who assigned to Cosmo S.p.A. Cosmo S.p.A. granted Giuliani S.p.A. an exclusive license for the ’720 patent. GiuilianiS.p.A., in turn, granted Shire Pharmaceutical Development Inc. an exclusive sublicense for the ’720 patent. Subsequently, Giuliani S.p.A. assigned the license agreement with Shire Pharmaceutical Development Inc. to Giuliani, and Cosmo became the owner of the ’720 patent on assignment from Cosmo S.p.A.

**ANSWER:**

Admitted that the ’720 patent was issued by the U.S. Patent and Trademark Office on August 10, 2004, is entitled “Mesalazine Controlled Release Oral

Pharmaceutical Compositions," lists on its face Roberto Villa, Massimo Pedrani, Mauro Ajani, and Lorenzo Fossati as inventors, and is assigned on its face to Cosmo S.p.A. Defendants deny that the '720 patent was duly and legally issued by the U.S. Patent and Trademark Office. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the First Amended Complaint and, therefore, deny them.

34. Upon information and belief, Defendants seek FDA approval for the manufacture and/or distribution of the Osmotica Product.

**ANSWER:**

Admitted that Osmotica Kft, through its U.S. Agent Osmotica Pharmaceutical, seeks FDA approval to market the Osmotica ANDA Product. Further admitted that Osmotica Pharmaceutical currently intends to market the Osmotica ANDA Product, on behalf of Osmotica Kft, as soon as permitted to do so by the applicable statutes and regulations. Defendants deny any remaining allegations in Paragraph 34 of the First Amended Complaint.

35. Upon information and belief, the Osmotica ANDA includes a paragraph IV certification to the '720 patent to obtain approval to engage in the

commercial manufacture, use, sale, offer for sale and/or importation into the United States of the Osmotica Product before the expiration of the ’720 patent.

**ANSWER:**

Admitted that the Osmotica ANDA contains a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(vii)(IV) that the ’720 patent is invalid and/or will not be infringed by the manufacture, use or sale of the Osmotica ANDA Product. Further admitted that Osmotica Pharmaceutical currently intends to market the Osmotica ANDA Product, on behalf of Osmotica Kft, as soon as permitted to do so by the applicable statutes and regulations. Defendants deny any remaining allegations in Paragraph 35 of the First Amended Complaint.

36. Upon information and belief, Defendants will commercially manufacture, sell, offer for sale, and/or import into the United States the Osmotica Product immediately upon FDA approval.

**ANSWER:**

Admitted that Osmotica Pharmaceutical currently intends to market the Osmotica ANDA Product, on behalf of Osmotica Kft, as soon as permitted to do so by the applicable statutes and regulations. Defendants deny any remaining allegations in Paragraph 36 of the First Amended Complaint.

37. Upon information and belief, as of the date of the Osmotica Notice Letter, Defendants were aware of the statutory provisions and regulations set forth in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(6).

**ANSWER:**

Admitted that Osmotica Kft and Osmotica Pharmaceutical were aware of the statutory provisions and regulations cited in Paragraph 37 of the First Amended Complaint as of the date of the Osmotica Notice Letter, and that the Osmotica Notice Letter fully complied with same. Defendants deny any remaining allegations in Paragraph 37 of the First Amended Complaint.

38. The submission and filing of ANDA No. 203043 with a paragraph IV certification to the ’720 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of the Osmotica Product before the expiration of the ’720 patent is an act of infringement by Defendants of one or more claims of the ’720 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**

Defendants deny all allegations in Paragraph 38 of the First Amended Complaint.

39. Upon information and belief, the commercial manufacture, use, sale, offer for sale and/or importation into the United States of the Osmotica Product that is the subject of ANDA No. 203043 will infringe one or more claims of the ’720 patent under 35 U.S.C. § 271.

**ANSWER:**

Defendants deny all allegations in Paragraph 39 of the First Amended Complaint.

40. Upon information and belief, the sale or offer for sale of the Osmotica Product by Defendants would induce and/or contribute to third-party infringement of one or more claims of the ’720 patent under 35 U.S.C. § 271.

**ANSWER:**

Defendants deny all allegations in Paragraph 40 of the First Amended Complaint.

41. Upon information and belief, as of the date of the Osmotica Notice Letter, Defendants were aware of the existence of the ’720 patent and acted without a reasonable basis for believing that they would not be liable for infringement of the ’720 patent, thus rendering this case “exceptional” under 35 U.S.C. § 285.

**ANSWER:**

Admitted that Osmotica Kft and Osmotica Pharmaceutical were aware of the existence of the ’720 patent as of the date of the Notice Letter. Defendants deny all remaining allegations in Paragraph 41 of the Complaint.

42. The acts of infringement set forth above will cause Plaintiffs irreparable harm for which none has adequate remedy at law, unless Defendants are preliminarily and permanently enjoined by this Court.

**ANSWER:**

Defendants deny all allegations in Paragraph 42 of the First Amended Complaint.

**SECOND COUNT**
(Induced and/or Contributory Infringement
of the ’720 Patent by Osmotica Kft)

43. Plaintiffs repeat and re-allege each of the foregoing paragraphs as if fully set forth herein.

**ANSWER:**

Defendants incorporate by reference and re-allege each of the responses to Paragraphs 1-42 above, as if fully set forth specifically herein.

44. Osmotica Kft is jointly and severally liable for Osmotica Pharmaceutical’s and/or Osmotica Argentina’s infringement of one or more claims of the ’720 patent.

**ANSWER:**

Defendants deny all allegations in Paragraph 44 of the First Amended Complaint.

45. Upon information and belief, Osmotica Kft knowingly induced Osmotica Pharmaceutical and/or Osmotica Argentina to infringe and/or contributed to Osmotica Pharmaceutical’s and/or Osmotica Argentina’s infringement of one or more claims of the ’720 patent.

**ANSWER:**

Defendants deny all allegations in Paragraph 45 of the First Amended Complaint.

46. Upon information and belief, Osmotica Kft actively induced, encouraged, aided, or abetted Osmotica Pharmaceutical's and/or Osmotica Argentina's preparation and submission and filing of ANDA No. 91-640 with a paragraph IV certification to the '720 patent.

**ANSWER:**

Defendants deny all allegations in Paragraph 46 of the First Amended Complaint.

47. Osmotica Kft's inducement, encouragement, aiding, or abetting of Osmotica Pharmaceutical's and/or Osmotica Argentina's preparation, submission, and filing of ANDA No. 203043 with a paragraph IV certification constitutes infringement of the '720 patent under 35 U.S.C. § 271(e)(2)(A). Further, Osmotica Kft's commercial use, sale, offer for sale and/or importation into the United States of the Osmotica Product would induce and/or contribute to Osmotica

Pharmaceutical's and/or Osmotica Argentina's infringement of the '720 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

**ANSWER:**

Defendants deny all allegations in Paragraph 47 of the First Amended Complaint.

48. Upon information and belief, Osmotica Kft's inducement, encouragement, aiding, and/or abetting of the sale or offer for sale of the Osmotica Product by Osmotica Pharmaceutical and/or Osmotica Argentina would induce and/or contribute to third-party infringement of one or more claims of the '720 patent under 35 U.S.C. § 271.

**ANSWER:**

Defendants deny all allegations in Paragraph 48 of the First Amended Complaint.

49. Upon information and belief, Osmotica Kft has, continues to, and will actively induce, encourage, aid, or abet Osmotica Pharmaceutical's and/or Osmotica Argentina's infringement of the '720 patent with knowledge that it is in contravention of the rights of Plaintiffs.

**ANSWER:**

Defendants deny all allegations in Paragraph 49 of the First Amended Complaint.

50. Upon information and belief, as of the date of the Osmotica Notice Letter, Osmotica Kft was aware of the existence of the ’720 patent and acted without a reasonable basis for believing that it would not be liable for inducing and/or contributing to Osmotica Pharmaceutical’s and/or Osmotica Argentina’s infringement of the ’720 patent, thus rendering this case “exceptional” under 35 U.S.C. § 285.

**ANSWER:**

Admitted that Osmotica Kft was aware of the existence of the ’720 patent as of the date of the Osmotica Notice Letter. Defendants deny all remaining allegations in Paragraph 50 of the First Amended Complaint.

51. The acts of infringement set forth above will cause Plaintiffs irreparable harm for which none has an adequate remedy at law, unless Osmotica Kft is preliminarily and permanently enjoined by this Court.

**ANSWER:**

Defendants deny all allegations in Paragraph 51 of the First Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the judgment and relief requested in the Prayer for Relief set forth in the First Amended Complaint.

## AFFIRMATIVE AND SEPARATE DEFENSES

Without prejudice to the denials set forth in its responses to Paragraphs 1 through 51 of the First Amended Complaint, Defendants allege the following Affirmative and Separate Defenses to the First Amended Complaint.

### First Defense
### (Noninfringement of the ’720 Patent)

52. Defendants, and the Osmotica ANDA Product, do not and will not infringe any valid and enforceable claim of the ’720 patent.

### Second Defense
### (Invalidity of the ’720 Patent)

53. The ’720 patent, and each of the claims therein, are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

**<u>Third Defense</u>**
**(Limitation of Remedies)**

54. The remedy of an injunction and other equitable relief sought by Plaintiffs in their First Amended Complaint is unavailable to Plaintiffs in this action.

## <u>COUNTERCLAIMS</u>

55. Defendants/Counterclaim-Plaintiffs Osmotica Kereskedelmi és Szolgáltató Kft ("Osmotica Kft") and Osmotica Pharmaceutical Corp. ("Osmotica Pharmaceutical") (collectively and/or individually, "Counterclaim-Plaintiffs") bring the following Counterclaims against Plaintiffs/Counterclaim-Defendants Shire Development LLC, Shire Pharmaceutical Development Inc. (collectively, "Shire"), Cosmo Technologies Limited ("Cosmo"), and Giuliani International Limited ("Giuliani") (collectively, "Counterclaim-Defendants") for a declaratory judgment that the '720 is invalid and not infringed by the Osmotica ANDA Product.

## <u>THE PARTIES</u>

56. Counterclaim-Plaintiff Osmotica Kft is a company organized and existing under the laws of Hungary and maintaining an office located at Tolgyfa u. 24. IV. ep. 10271 Budapest, Hungary.

57. Counterclaim-Plaintiff Osmotica Pharmaceutical is a corporation organized and existing under the laws of Delaware having a place of business at 1205 Culbreth Drive, Suite 200, Wilmington, North Carolina 28405.

58. Upon information and belief, Counterclaim-Defendant Shire Development LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 725 Chesterbrook Boulevard, Wayne, Pennsylvania 19087.

59. Upon information and belief, Counterclaim-Defendant Shire Pharmaceutical Development Inc. is a corporation organized and existing under the laws of the State of Maryland, having its principal place of business at 1801 Research Boulevard, Rockville, Maryland 20850.

60. Upon information and belief, Counterclaim-Defendant Cosmo Technologies Limited is a company organized and existing under the laws of Ireland, having its principal place of business at 2, Duncairn Terrace, Bray Co., Wicklow, Ireland.

61. Upon information and belief, Counterclaim-Defendant Giuliani International Limited is a company organized and existing under the laws of

Ireland, having its principal place of business at 33 Sir John Rogerson's Quay, Dublin 2, Ireland.

## JURISDICTION AND VENUE

62. Counterclaim-Defendants have brought the current action against Counterclaim-Plaintiffs for allegedly infringing the '720 patent. There exists an actual case or controversy between Counterclaim-Plaintiffs and Counterclaim-Defendants as to Counterclaim-Plaintiffs' alleged infringement of the '720 patent.

63. This Court has subject matter jurisdiction over the counterclaims for declaratory judgment pursuant to 28 U.S.C § 2201, 2202, 1331, 1338(a) and 1367, based on an actual controversy between Counterclaim-Plaintiffs and Counterclaim-Defendants arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

64. Venue is proper in this district pursuant to 28 U.S.C. § 1391, 1400(b), and by Counterclaim-Defendants' choice of forum.

## FIRST COUNT
## (Declaration of Noninfringement of the '720 Patent)

65. Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 55 through 64 of the Counterclaims as if fully set forth herein.

66. There is an actual case or controversy as to the infringement of claims 1 through 4 of the ’720 patent.

67. The claims of the ’720 patent, including claims 1 through 4 thereof, will not be infringed by the manufacture, use, sale, offer for sale, or importation of the Osmotica ANDA Product.

**SECOND COUNT**
**(Declaration of Invalidity of the ’720 Patent)**

68. Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 55 through 67 of the Counterclaims as if fully set forth herein.

69. There is an actual case or controversy as to the validity of each claim of the ’720 patent.

70. The ’720 patent, and each of the claims therein, is invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

**THIRD COUNT**
**(Exceptional Case)**

71. Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 55 through 70 of the Counterclaims as if fully set forth herein.

72. At the time Counterclaim-Defendants filed the First Amended Complaint in this action, Counterclaim-Defendants had not made a good faith inquiry into the allegations against Counterclaim-Plaintiffs for infringement of the ’720 patent.

73. At the time Counterclaim-Defendants filed the First Amended Complaint in this action, Counterclaim-Defendants had no objectively reasonable basis for charging Counterclaim-Plaintiffs with infringement of the ’720 patent.

74. This action is an exceptional case within the meaning of 35 U.S.C. § 285.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Counterclaim-Plaintiffs pray that this Court enter a judgment against Plaintiffs/Counterclaim-Defendants:

A. Declaring that the claims of the ’720 patent are not and would not be infringed by Counterclaim-Plaintiffs;

B. Declaring that the claims of the ’720 patent are not and would not be infringed by the manufacture, use, sale, offer for sale, sale or importation of the Osmotica ANDA Product;

C. Declaring that each claim of the ’720 patent is invalid;

D. Determining that, under 35 U.S.C. § 285, this is an “exceptional case” and awarding Counterclaim-Plaintiffs their attorneys’ fees in this action, Counterclaim-Defendants to be jointly and severally liable therefor;

E. Awarding Counterclaim-Plaintiffs their costs and expenses incurred in this action, Counterclaim-Defendants to be jointly and severally liable therefor; and

F. Awarding Counterclaim-Plaintiffs such other and further relief as the Court may deem proper.

Dated: June 1, 2012

Matthew P. Warenzak
Dale Lischer
Attorney Bar Number: 452027
Matthew P. Warenzak
Attorney Bar Number: 624484
SMITH, GAMBRELL & RUSSELL, LLP
Promenade Two, suite 3100
1230 Peachtree Street N.E.
Atlanta, GA 30309
Telephone: 404-815-3500
Facsimile: 404-815-3509
dlischer@sgrlaw.com
mwarenzak@sgrlaw.com

**Admitted pro hac vice*

*Of Counsel:*

*Robert F. Green
*Christopher T. Griffith
*M. Daniel Hefner
*Kate M. Lesciotto
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
180 N. Stetson Avenue
Chicago, IL 60601-6731
Telephone: 312-616-5600
Facsimile: 312-616-5700
rgreen@leydig.com
cgriffith@leydig.com
dhefner@leydig.com
klesciotto@leydig.com

*Attorneys for Defendants Osmotica Kereskedelmi és Szolgáltató Kft, Osmotica Pharmaceutical Corp., and Osmotica Pharmaceutical Argentina S.A.*

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 5.1, counsel for Defendants certifies that the font and point size, Times New Roman 14 point, used in this document, comply with Local Rule 5.1.

Counsel also certifies that on June 1, 2012, the foregoing ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the counsel of record.

/s/ Matthew P. Warenzak
Matthew P. Warenzak