**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SHIRE DEVELOPMENT LLC, SHIRE PHARMACEUTICAL DEVELOPMENT INC., COSMO TECHNOLOGIES LIMITED, and GIULIANI INTERNATIONAL LIMITED, | ) | |
| Plaintiffs, | ) | C.A. No. 1:12-cv-00904-AT |
| v. | ) | |
| OSMOTICA KERESKEDELMI ÉS SZOLGÁLTATÓ KFT, OSMOTICA PHARMACEUTICAL CORP., and OSMOTICA PHARMACEUTICAL ARGENTINA S.A. | ) | |
| Defendants. | ) | |

**<u>PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS</u>**

Plaintiffs Shire Development LLC, Shire Pharmaceutical Development Inc., Cosmo Technologies Limited, and Giuliani International Limited, (collectively, "Plaintiffs") by their undersigned attorneys, answer the Counterclaims of defendants Osmotica Kereskedelmi és Szolgáltató Kft ("Osmotica Kft") and Osmotica Pharmaceutical Corp. ("Osmotica Pharmaceutical") (collectively, "Defendants") as follows:

## COUNTERCLAIMS

55. Defendants/Counterclaim-Plaintiffs Osmotica Kereskedelmi és Szolgáltató Kft ("Osmotica Kft") and Osmotica Pharmaceutical Corp. ("Osmotica Pharmaceutical") (collectively and/or individually, "Counterclaim-Plaintiffs") bring the following Counterclaims against Plaintiffs/Counterclaim-Defendants Shire Development LLC, Shire Pharmaceutical Development Inc. (collectively, "Shire"), Cosmo Technologies Limited ("Cosmo"), and Giuliani International Limited ("Giuliani") (collectively, "Counterclaim-Defendants") for a declaratory judgment that the '720 [sic] is invalid and not infringed by the Osmotica ANDA Product.

**ANSWER:**

To the extent paragraph 55 contains allegations requiring a response, Plaintiffs admit that Defendants purport to bring their Counterclaims against Plaintiffs for a declaratory judgment that U.S. Patent No. 6,773,720 ("the '720 patent") is invalid and not infringed by the product that is the subject of Abbreviated New Drug Application ("ANDA") No. 203043 (the "Osmotica ANDA Product"). Except as expressly admitted, Plaintiffs deny the remaining allegations in paragraph 55.

## THE PARTIES

56. Counterclaim-Plaintiff Osmotica Kft is a company organized and



7001620 v02

existing under the laws of Hungary and maintaining an office located at Tolgyfa u. 24. IV. ep. 10271 Budapest, Hungary.

**ANSWER:**

Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore deny them.

57. Counterclaim-Plaintiff Osmotica Pharmaceutical is a corporation organized and existing under the laws of Delaware having a place of business at 1205 Culbreth Drive, Suite 200, Wilmington, North Carolina 28405.

**ANSWER:**

Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore deny them.

58. Upon information and belief, Counterclaim-Defendant Shire Development LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 725 Chesterbrook Boulevard, Wayne, Pennsylvania 19087.

**ANSWER:**

Plaintiffs admit that Shire Development LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 725 Chesterbrook Boulevard, Wayne, Pennsylvania 19087.

59. Upon information and belief, Counterclaim-Defendant Shire Pharmaceutical Development Inc. is a corporation organized and existing under the laws of the State of Maryland, having its principal place of business at 1801 Research Boulevard, Rockville, Maryland 20850.

**ANSWER:**

Plaintiffs admit that Shire Pharmaceutical Development Inc. is a corporation organized and existing under the laws of the State of Maryland, having its principal place of business at 1801 Research Boulevard, Rockville, Maryland 20850.

60. Upon information and belief, Counterclaim-Defendant Cosmo Technologies Limited is a company organized and existing under the laws of Ireland, having its principal place of business at 2, Duncairn Terrace, Bray Co., Wicklow, Ireland.

**ANSWER:**

Plaintiffs admit that Cosmo Technologies Limited is a company organized and existing under the laws of Ireland, having its principal place of business at 2, Duncairn Terrace, Bray Co., Wicklow, Ireland.

61. Upon information and belief, Counterclaim-Defendant Giuliani International Limited is a company organized and existing under the laws of Ireland, having its principal place of business at 33 Sir John Rogerson's Quay, Dublin 2, Ireland.

**ANSWER:**

Plaintiffs admit that Giuliani International Limited is a company organized and existing under the laws of Ireland, having its principal place of business at 33 Sir John Rogerson's Quay, Dublin 2, Ireland.

**JURISDICTION AND VENUE**

62. Counterclaim-Defendants have brought the current action against Counterclaim-Plaintiffs for allegedly infringing the '720 patent. There exists an actual case or controversy between Counterclaim-Plaintiffs and Counterclaim-Defendants as to Counterclaim-Plaintiffs' alleged infringement of the '720 patent.

**ANSWER:**

Plaintiffs admit that they have brought the current action against Defendants for infringement of the '720 patent. Plaintiffs admit that there presently is a case or controversy between Plaintiffs and Defendants as to Defendants' infringement of the claims of the '720 patent that are asserted or will be asserted. Except as expressly admitted, Plaintiffs deny the remaining allegations of paragraph 62.

63. This Court has subject matter jurisdiction over the counterclaims for declaratory judgment pursuant to 28 U.S.C. § [sic] 2201, 2202, 1331, 1338(a) and 1367, based on an actual controversy between Counterclaim-Plaintiffs and Counterclaim-Defendants arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

**ANSWER:**

Plaintiffs admit that this Court presently has subject matter jurisdiction over Defendants' Counterclaims.

64. Venue is proper in this district pursuant to 28 U.S.C. § [sic] 1391, 1400(b), and by Counterclaim-Defendants' choice of forum.

**ANSWER:**

Plaintiffs admit that venue is proper in the Northern District of Georgia.

**FIRST COUNT**
**(Declaration of Noninfringement of the '720 Patent)**

65. Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 55 through 64 of the Counterclaims as if fully set forth herein.

**ANSWER:**

Plaintiffs repeat and reassert their responses to paragraphs 55 through 64 as though fully set forth herein.

66. There is an actual case or controversy as to the infringement of claims 1 through 4 of the '720 patent.

**ANSWER:**

Plaintiffs admit that there presently is a case or controversy between Plaintiffs and Defendants as to Defendants' infringement of the claims of the '720 patent that are asserted or will be asserted. Except as expressly admitted, Plaintiffs deny the remaining allegations of paragraph 66.

67. The claims of the ’720 patent, including claims 1 through 4 thereof, will not be infringed by the manufacture, use, sale, offer for sale, or importation of the Osmotica ANDA Product.

**ANSWER:**

Plaintiffs deny the allegations of paragraph 67.

**SECOND COUNT**
**(Declaration of Invalidity of the ’720 Patent)**

68. Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 55 through 67 of the Counterclaims as if fully set forth herein.

**ANSWER:**

Plaintiffs repeat and reassert their responses to paragraphs 55 through 67 as though fully set forth herein.

69. There is an actual case or controversy as to the validity of each claim of the ’720 patent.

**ANSWER:**

Plaintiffs admit that there presently is a case or controversy between Plaintiffs and Defendants as to validity of the claims of the ’720 patent that are asserted or will be asserted. Except as expressly admitted, Plaintiffs deny the remaining allegations of paragraph 69.

70. The ’720 patent, and each of the claims therein, is invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

**ANSWER:**

Plaintiffs deny the allegations of paragraph 70.

**THIRD COUNT**
**(Exceptional Case)**

71. Counterclaim-Plaintiffs incorporate the allegations set forth in Paragraphs 55 through 70 of the Counterclaims as if fully set forth herein.

**ANSWER:**

Plaintiffs repeat and reassert their responses to paragraphs 55 through 70 as though fully set forth herein.

72. At the time Counterclaim-Defendants filed the First Amended Complaint in this action, Counterclaim-Defendants had not made a good faith inquiry into the allegations against Counterclaim-Plaintiffs for infringement of the ’720 patent.

**ANSWER:**

Plaintiffs deny the allegations of paragraph 72.

73. At the time Counterclaim-Defendants filed the First Amended Complaint in this action, Counterclaim-Defendants had no objectively reasonable basis for charging Counterclaim-Plaintiffs with infringement of the ’720 patent.

**ANSWER:**

Plaintiffs deny the allegations of paragraph 73.

74. This action is an exceptional case within the meaning of 35 U.S.C. § 285.

**ANSWER:**

Plaintiffs deny the allegations of paragraph 74 as they pertain to Defendants' Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) A judgment dismissing with prejudice Defendants' Counterclaims in their entirety;

(b) A judgment denying Defendants' requests for relief in connection with its Counterclaims;

(c) A judgment awarding Plaintiffs their attorneys' fees and costs in defending against Defendants' Counterclaims;

(d) A judgment granting the relief requested in Plaintiffs' First Amended Complaint; and

(e) Such other and further relief as this Court may deem just and proper.

Respectfully submitted, this 18th day of June, 2012.

/s/ David A. Rabin
David A. Rabin
Georgia Bar No. 591469
Jason Eakes
Georgia Bar No. 237048
Morris Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326-1044
(404) 233-7000 (telephone)
(404) 365-9532 (facsimile)
drabin@mmmlaw.com
jeakes@mmmlaw.com

Edgar H. Haug*
Jason A. Lief*
Mark P. Walters*
Andrew Wasson*
Elizabeth Murphy*
Frommer Lawrence & Haug LLP*
745 Fifth Avenue*
New York, New York 10151*
(212) 588-0800*

*Attorneys for Plaintiffs*

**Admitted pro hac vice*



7001620 v02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SHIRE DEVELOPMENT LLC,<br>SHIRE PHARMACEUTICAL<br>DEVELOPMENT INC.,<br>COSMO TECHNOLOGIES LIMITED,<br>and<br>GIULIANI INTERNATIONAL<br>LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>OSMOTICA KERESKEDELMI ÉS<br>SZOLGÁLTATÓ KFT, OSMOTICA<br>PHARMACEUTICAL CORP., and<br>OSMOTICA PHARMACEUTICAL<br>ARGENTINA S.A.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:12-cv-00904-AT |

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document was filed electronically via CM/ECF in the United States District Court for the Northern District of Georgia on June 18, 2012, with notice of same being electronically served by the Court to all attorneys of record.

/s/ David A. Rabin
David A. Rabin