# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

SHIRE DEVELOPMENT LLC,              )
SHIRE PHARMACEUTICAL                )
DEVELOPMENT INC.,                   )
COSMO TECHNOLOGIES LIMITED,         )
and                                 )    C.A. No. 1:12-cv-00904-AT
GIULIANI INTERNATIONAL              )
LIMITED,                            )
                                    )
     Plaintiffs,                  )
                                    )
     v.                           )
                                    )
OSMOTICA KERESKEDELMI ÉS            )
SZOLGÁLTATÓ KFT, OSMOTICA           )
PHARMACEUTICAL CORP., and           )
OSMOTICA PHARMACEUTICAL             )
ARGENTINA S.A.

     Defendants.

## STIPULATED CONFIDENTIALITY ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), plaintiffs Shire

Development LLC, Shire Pharmaceutical Development Inc., Cosmo Technologies

Limited, and Giuliani International Limited (collectively, "Plaintiffs"); and

defendants Osmotica Kereskedelmi és Szolgáltató Kft, Osmotica Pharmaceutical

Corp., and Osmotica Pharmaceutical Argentina S.A. (collectively, "Defendants")

stipulate that good cause exists for entry of a confidentiality order to facilitate

discovery in the above-captioned litigation, and to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential information during and after the course of this litigation.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. <u>Definitions.</u> As used in this Stipulated Confidentiality Order ("Confidentiality Order"), these terms have the following meanings:

    a. "Party" shall refer to each of Plaintiffs and Defendants, individually.

    b. "Parties" shall mean all of Plaintiffs and Defendants, collectively.

    c. "Material" shall mean any and all documents, transcripts, records, data and things (in oral, written, or electronic form) within the scope of Federal Rule of Civil Procedure 34; any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure; deposition, hearing and trial transcripts; and any type of evidence, including but not limited to affidavits or samples of the Parties' non-public mesalamine products ("Product Samples") produced by any Party or third party during the course of this litigation.

    d. "Producing Party" means the Party or any third party that produces any Material during the course of this litigation.

e.    "Highly Confidential—Litigation Counsel Only" shall mean and include a Producing Party's proprietary commercial information (e.g., business plans, business strategies, negotiations, and/or license agreements), financial information (e.g., budgeting, accounting, sales figures and/or advertising expenditures), business relationship information (e.g., information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and/or parents), personnel information (e.g., compensation, evaluations and/or other employment information), market and demographic research, product and advertising development information, and highly sensitive technical information (e.g., information related to product life cycle management and second generation products, a New Drug Application for which the product or the indication is covered by the patent-in-suit, and/or an Abbreviated New Drug Application that is the subject of the action).  Material that is designated Highly Confidential—Litigation Counsel Only may be disclosed to any of the individuals identified in paragraph 4(b).

f.    "Confidential" shall mean and include a Producing Party's information, other than information designated as Highly Confidential—Litigation Counsel Only, that is not publicly known and which the Producing Party would not normally reveal to third parties or, if disclosed, would require such third parties to

maintain in confidence. Material that is designated Confidential may be disclosed to any of the individuals identified in paragraph 4(c).

g. "Designated Material" means any Material designated pursuant to paragraph 2 during the course of this litigation which the Producing Party claims in good faith to comprise, contain or otherwise reflect Highly Confidential— Litigation Counsel Only or Confidential information.

h. "Receiving Party" means any Party to this litigation, including its counsel, retained experts, directors, officers, employees, agents, or individuals described in paragraph 4 who receives any Material.

i. "Requesting Party" means the Party that seeks the disclosure of Highly Confidential—Litigation Counsel Only or Confidential information.

j. "Declaration" means an executed document in the form attached as Exhibit A.

2. Designation of Highly Confidential—Litigation Counsel Only or Confidential Information. Highly Confidential—Litigation Counsel Only or Confidential information may be designated as subject to this Confidentiality Order as follows:

a. With respect to documents or copies provided by the Producing Party, by marking the initial page and the page(s) on which any Highly

4

Confidential—Litigation Counsel Only or Confidential information appears with the legend "HIGHLY CONFIDENTIAL—LITIGATION COUNSEL ONLY" or "CONFIDENTIAL," respectively. In the case of computer medium, the marking shall be placed on the medium and its label and/or cover. In the case of a Product Sample, the marking shall be placed on the container of the sample. To the extent practical, the "HIGHLY CONFIDENTIAL—LITIGATION COUNSEL ONLY" or "CONFIDENTIAL" legend shall be placed near the production number.

       b.    In lieu of marking the original of a document that contains Highly Confidential—Litigation Counsel Only or Confidential information prior to inspection, counsel for the Producing Party may in writing designate documents being produced for inspection as containing Highly Confidential—Litigation Counsel Only or Confidential information, thereby making them subject to this Confidentiality Order; however, any copies of such documents must be marked by the Producing Party in accordance with paragraph 2(a) at the time copies are provided.

       c.    Testimony or information disclosed at a deposition may be designated by a Party as Highly Confidential—Litigation Counsel Only or Confidential by indicating on the record at the deposition the specific testimony that contains Highly Confidential—Litigation Counsel Only or Confidential

information that is to be made subject to the provisions of this Confidentiality Order. Whenever possible, the stenographic reporter shall be requested to separate those portions of the transcript containing Highly Confidential—Litigation Counsel Only or Confidential information and separately bind them from each other and from the non-confidential portions. Alternatively, a Party may designate testimony or information disclosed at a deposition as Highly Confidential—Litigation Counsel Only or Confidential by notifying the other Parties, in writing, within thirty (30) calendar days of receipt of the final transcript of the deposition, of the specific pages and lines of the transcript that are to be designated as Highly Confidential—Litigation Counsel Only or Confidential. Each Party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. Regardless of whether designation is made at the time of a deposition, all deposition transcripts shall be treated as designated Highly Confidential—Litigation Counsel Only from the taking of the deposition until thirty (30) calendar days after receipt of the final transcript or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.

d. Responses to interrogatories or other discovery requests may be designated as Highly Confidential—Litigation Counsel Only or Confidential by prominently marking the document containing such responses with the legend

Desktop vStipul

"HIGHLY CONFIDENTIAL—LITIGATION COUNSEL ONLY" or "CONFIDENTIAL," respectively.

3.   Failure to Designate Confidentiality.

a.   Failure by a Producing Party to designate specific Material as containing Highly Confidential—Litigation Counsel Only or Confidential information shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality as to such Materials.

b.   Upon the Producing Party's notice to the Receiving Party of failure to designate Material as containing Highly Confidential—Litigation Counsel Only or Confidential information, the Receiving Party has a duty to reasonably cooperate in maintaining the confidentiality of such undesignated Material. Upon such notice, the Receiving Party shall (1) take all reasonable steps to retrieve such undesignated Material, including any summaries and/or notes reflecting the information contained therein, to the extent it has been disclosed to individuals not authorized to view Highly Confidential—Litigation Counsel Only or Confidential information under paragraphs 4(b) and 4(c), respectively; and (2) return any unmarked or improperly-marked copies of such undesignated Material to the Producing Party or certify in writing that any copies of such undesignated

Material have been destroyed within ten (10) calendar days of receipt of properly-designated substitute copies.

        c.     The Receiving Party reserves the right to challenge the Producing Party's designation of Material as comprising, containing or otherwise reflecting Highly Confidential—Litigation Counsel Only or Confidential information.

        4.    <u>Access to Designated Material</u>.

        a.     Except upon the prior written consent of the Producing Party, or upon further Order of this Court, Designated Materials shall be treated strictly in accordance with the terms of this Confidentiality Order and may be used or disclosed only as specified in this Confidentiality Order.

        b.     Access to Material designated Highly Confidential—Litigation Counsel Only shall be limited to:

        i.     Subject to the restrictions of paragraph 5, outside counsel of record in the above-captioned litigation, and their employees whose duties and responsibilities require access to Designated Material ("Outside Counsel of Record").

        ii.     Subject to the restrictions in paragraph 5 and to the procedure described in paragraph 7 (including the execution and service of the

Declaration), two in-house counsel for Plaintiffs, one for Shire Development LLC and Shire Pharmaceutical Development Inc., collectively, and one for Cosmo Technologies Limited, and two in-house counsel for Defendants, one for Osmotica Pharmaceutical Corp., and one for Osmotica Kereskedelmi és Szolgáltató Kft and Osmotica Pharmaceutical Argentina S.A., collectively, each of whom has executed the Declaration, provided such in-house counsel is licensed to practice law and subject to rules of professional conduct, and is subject to the restrictions in paragraph 5. Plaintiffs and Defendants may substitute such in-house counsel on a one-for-one basis provided that such substitute in-house counsel executes the attached Declaration, is licensed to practice law and subject to rules of professional conduct, and is subject to the restrictions in paragraph 5. Executed declarations for in-house counsel under this paragraph shall be promptly served on all Counsel of Record.

        iii.        Subject to the restrictions of paragraph 5 and to the procedure described in paragraph 7 (including the execution and service of the Declaration), outside experts and consultants and their staff who are employed, retained or otherwise consulted by Outside Counsel of Record to assist in any way in the preparation and trial of this litigation, and any testing laboratory retained by Outside Counsel of Record or any such expert or consultant. For the purposes of

this Confidentiality Order, the phrase "outside experts and consultants" shall not include any officer, director, or employee of any Party.

      iv.     Witnesses in any deposition or other proceeding of the above-captioned litigation who: (1) are current or former employees of the Producing Party; (2) are the author, recipient, or intended recipient of the Highly Confidential—Litigation Counsel Only information; (3) are reasonably believed to have had access to or knowledge of the Highly Confidential—Litigation Counsel Only information; (4) have been designated by the Producing Party under Fed. R. Civ. P. 30(b)(6) on topic to which the Highly Confidential—Litigation Counsel Only information pertains; or (5) may access the Highly Confidential—Litigation Counsel Only information upon the Producing Party's consent.

      v.     Vendors retained by or for the Parties for preparing audiovisual aids (*e.g.*, exhibits, models, graphics, and videotapes for use in the court room) and/or for conducting mock trials, including jury and witness consultants, who agree to be bound by this Confidentiality Order and have executed the Declaration, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to Designated Materials, who are not current employees of any Party to this litigation or of any direct competitor of any Party to this litigation.

Desktop vStipul

vi. Outside document copying services and/or document coding or electronic discovery services for the specific and limited purpose of providing photocopies or document coding or electronic discovery services, who agree to be bound by this Confidentiality Order.

vii. The Court, Court personnel and stenographic and video reporters engaged in proceedings in the above-captioned litigation.

viii. Any other person authorized to receive Highly Confidential—Litigation Counsel Only information by order of the Court or by written agreement of the Parties.

c. Access to Material designated Confidential shall be limited to:

i. Subject to the restrictions of paragraph 5, outside counsel of record in the above-captioned litigation, and their employees whose duties and responsibilities require access to Designated Material ("Outside Counsel of Record").

ii. Subject to the restrictions in paragraph 5 and to the procedure described in paragraph 7 (including the execution and service of the Declaration), two in-house counsel for Plaintiffs, one for Shire Development LLC and Shire Pharmaceutical Development Inc., collectively, and one for Cosmo Technologies Limited, and two in-house counsel for Defendants, one for Osmotica

Pharmaceutical Corp., and one for Osmotica Kereskedelmi és Szolgáltató Kft and Osmotica Pharmaceutical Argentina S.A., collectively, each of whom has executed the Declaration. Plaintiffs and Defendants may substitute such in-house counsel on a one-for-one basis provided that such substitute in-house counsel executes the attached Declaration and is subject to the restrictions in paragraph 5.

  iii. Subject to the restrictions in paragraph 5 and to the procedure described in paragraph 7 (including the execution and service of the Declaration), one individual for each Party who has executed the Declaration, provided such individual is an officer, director and/or employee of the Party and requires access to such information concerning this action as part of his/her duties with respect to the Party. The Parties may substitute such individuals on a one-for-one basis provided that such substitute individual executes the attached Declaration and is subject to the restrictions in paragraph 5.

  iv. Subject to the restrictions of paragraph 5 and to the procedure described in paragraph 7 (including the execution and service of the Declaration), outside experts and consultants and their staff who are employed, retained or otherwise consulted by Outside Counsel of Record to assist in any way in the preparation and trial of this litigation, and any testing laboratory retained by Outside Counsel of Record or any such expert or consultant. For the purposes of

12

this Confidentiality Order, the phrase "outside experts and consultants" shall not include any officer, director, or employee of any Party.

      v.      Witnesses in any deposition or other proceeding of the above-captioned litigation who: (1) are current or former employees of the Producing Party; (2) are the author, recipient, or intended recipient of the Confidential information; (3) are reasonably believed to have had access to or knowledge of the Confidential information; (4) have been designated by the Producing Party under Fed. R. Civ. P. 30(b)(6) on topic to which the Confidential information pertains; or (5) may access the Confidential information upon the Producing Party's consent.

      vi.      Vendors retained by or for the Parties for preparing audiovisual aids (*e.g.*, exhibits, models, graphics, and videotapes for use in the court room) and/or for conducting mock trials, including jury and witness consultants, who agree to be bound by this Confidentiality Order and have executed the Declaration, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to Designated Materials, who are not current employees of any Party to this litigation or of any direct competitor of any Party to this litigation.

vii.     Outside document copying services and/or document coding or electronic discovery services for the specific and limited purpose of providing photocopies or document coding or electronic discovery services, who agree to be bound by this Confidentiality Order.

viii.    The Court, Court personnel and stenographic and video reporters engaged in proceedings in the above-captioned litigation.

ix.      Any other person authorized to receive Confidential information by order of the Court or by written agreement of the Parties.

5.     Use of Designated Material.

a.     Highly Confidential—Litigation Counsel Only or Confidential information obtained from a Producing Party pursuant to pretrial discovery in the above-captioned litigation may be used only for purposes of the above-captioned litigation and any appeals therefrom, and shall not be used for any other purpose.

b.     Materials designated as Highly Confidential—Litigation Counsel Only or Confidential information obtained from a Producing Party pursuant to pretrial discovery in the above-captioned litigation shall be disclosed only to qualified persons as defined in paragraphs 4(b) and 4(c), respectively, of this Confidentiality Order.

c.      Persons who are permitted access to Highly Confidential—Litigation Counsel Only or Confidential information under paragraphs 4(b) and 4(c), respectively, of this Confidentiality Order shall not make any other use of such information for purposes other than for this litigation, except as permitted by order of the Court.

d.      Nothing in this Confidentiality Order shall be construed as restricting a Producing Party's use of its own Highly Confidential—Litigation Counsel Only or Confidential information.

e.      If Highly Confidential—Litigation Counsel Only or Confidential information is disclosed to anyone other than in a manner authorized by this Confidentiality Order, the Party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party and make every reasonable effort to retrieve such Highly Confidential—Litigation Counsel Only or Confidential information and to prevent further disclosure.

f.      Nothing in this Confidentiality Order shall be construed (a) as preventing a Party from using or continuing to use any information that is or becomes publicly known through no unauthorized act or omission of such Party, or (b) as preventing a Party from using or continuing to use any information that is or

Desktop vStipul

becomes known to it if such information was or is lawfully obtained by such Party other than through discovery of the Producing Party. Should a dispute arise under this paragraph as to the confidentiality of any specific information or Material, the Party claiming that such information or Material is or was publicly known or was lawfully obtained other than through discovery of the Producing Party shall have the burden of proving its claim.

6.    <u>Filing of Documents Under Seal</u>.

a.    As a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files. If a Party has very good cause to request sealing of material designated or identified as containing Highly Confidential— Litigation Counsel Only or Confidential information, the Party shall first present directly to Judge Totenberg's chambers a sufficiently supported motion to file under seal. Further, the Party shall indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to chambers. Attached to the motion should be the material desired to be sealed. The Court will then review the material *in camera* and make a decision whether to grant or deny the motion to seal. If the Court determines that the motion is to be granted, the Court will forward the motion, a signed order, and accompanying materials to the Clerk of the

16

Court for entry of the motion on the CM/ECF docket and appropriate filing of the sealed materials. If the Court determines that the motion is to be denied, then the Court will contact the filing party, which may then retrieve the motion/materials and determine whether it wants to file the document without a seal.

b. As further clarification, the Court notes that mere reference or discussion of Highly Confidential—Litigation Counsel Only or Confidential information does not warrant sealing of the entire document and all attachments to be filed. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to Highly Confidential—Litigation Counsel Only or Confidential information.

7. Designation of Experts, Consultants, and Testing Laboratories.

a. At least ten (10) business days prior to the proposed disclosure of Highly Confidential—Litigation Counsel Only or Confidential information to an independent expert, consultant (including testing laboratories), or individual as described in paragraph 4(c), the Party who engages or employs such independent expert, consultant, or individual shall provide to counsel for the other Parties by e-mail (i) a copy of the executed Declaration of each such person, (ii) a current *curriculum vitae* of each independent expert or consultant, including a list of the expert's or consultant's publications, (iii) a list of each expert's or consultant's trial

Desktop vStipul

testimony and/or deposition testimony given in the preceding five (5) years, and (iv) a list of companies for which the expert or consultant consulted for the proceeding five (5) years. At least ten (10) business days prior to the proposed disclosures of Highly Confidential—Litigation Counsel Only or Confidential information to an in house counsel, the Party who employs such in house counsel shall provide to counsel for the other Parties by e-mail (1) the name, current address, and employment affiliation (including job title, if any) and complete job description of the person to whom such disclosure is proposed and (2) a copy of the executed Declaration of each such person.

      b.    Any Party may object, in writing, to the proposed disclosure to the in-house counsel, expert, consultant, or individual within ten (10) business days after receipt of the executed Declaration, such written notice providing the basis for the objection. Opposing counsel shall make a good faith effort to reach an agreement regarding the proposed disclosure to the in-house counsel, expert, consultant, or individual. If an agreement cannot be reached, the objecting Party shall make an appropriate motion within seven (7) business days after the objection is made. The burden shall be on the objecting Party to show the Court why the disclosure should not be made. If an objection is made, no Highly Confidential— Litigation Counsel Only or Confidential information shall be made available to the

particular in-house counsel, expert, consultant, or individual until after the Court rules that disclosure can be made, so long as the objection is followed by a timely motion.

     8.    <u>Challenge to Confidentiality Designation</u>.

     a.    Any Party may at any time challenge the designation of any Material as Highly Confidential—Litigation Counsel Only or Confidential by serving a written challenge upon counsel for the Producing Party. Such challenge shall specifically identify the Highly Confidential—Litigation Counsel Only or Confidential information, including production number(s), and the basis for the Party's belief that such Material is not Highly Confidential—Litigation Counsel Only or Confidential information.

     b.    Any Party may request permission to use or disclose any Designated Material other than as permitted under paragraphs 4 and 5 by serving a written request upon counsel for the Producing Party before the date of the proposed disclosure. Such request shall specifically identify the Highly Confidential—Litigation Counsel Only or Confidential information sought to be so disclosed, including the production number(s), and the name, title and function of the person(s) to whom such disclosure is desired to be made.

c.　The Producing Party shall respond to requests under paragraphs 8(a) and 8(b) in writing within seven (7) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the Parties are subsequently unable to agree on the terms and conditions of the requested disclosure, the matter may be submitted to the Court for resolution by the Party seeking disclosure. The Producing Party bears the burden of establishing that such Material qualifies for Highly Confidential—Litigation Counsel Only or Confidential designation. Such disclosure shall be postponed until a ruling has been obtained from the Court.

d.　The failure of a Party at the time it receives Designated Material to challenge or object to the Highly Confidential—Litigation Counsel Only or Confidential designation shall not be deemed a waiver of its right to challenge or object to such designation at any later time.

9.　<u>Compliance with Confidentiality Order.</u>

Entering into, agreeing to, or otherwise complying with the terms of the Confidentiality Order shall not:

a. Operate as an admission by any Party that any Designated Material contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b. Operate as or constitute evidence with respect to any issue in the above-captioned litigation;

c. Prejudice in any way the rights of any Party to object to the production of documents or information it considers outside the permissible scope of discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Highly Confidential—Litigation Counsel Only or Confidential information;

d. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or evidence subject to this Confidentiality Order;

e. Prejudice in any way the rights of any Party to seek a determination by the Court whether any Designated Material should be subject to the terms of this Confidentiality Order;

f.     Prejudice in any way the rights of any Party to petition the Court for a further confidentiality order relating to any purportedly Highly Confidential—Litigation Counsel Only or Confidential information;

g.     Prejudice in any way the rights of any Party to petition the Court for permission to disclose or use particular Highly Confidential—Litigation Counsel Only or Confidential information more broadly than would otherwise be permitted by the terms of this Confidentiality Order;

h.     Prevent any Producing Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Material designated as Highly Confidential—Litigation Counsel Only or Confidential by that Party;

i.     Prejudice the right of any Party, or any third party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or Material; or

j.     Prevent disclosure beyond the terms of this Confidentiality Order if the Producing Party consents in writing to such disclosure, or if the Court orders such disclosure.

Desktop vStipul

10.     Counsel's Right to Provide Advice.  Nothing in this Confidentiality Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's Party-client with respect to the above-captioned litigation, and in the course thereof, relying upon an examination of Highly Confidential—Litigation Counsel Only or Confidential information, provided, however, that in rendering such advice and in otherwise communicating with the Party-client, the counsel shall not disclose the Highly Confidential—Litigation Counsel Only or Confidential information to anyone not authorized to receive it pursuant to the terms of this Confidentiality Order if such disclosure would be contrary to the provisions of this Confidentiality Order.

11.     Non-Waiver of Privilege.

a.     Pursuant to Federal Rule of Evidence 502(d), production of Material (including physical objects) to the Receiving Party; using Material in depositions, pleadings or any written discovery; or disclosing Material to the Court shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity with respect to any Material so furnished, provided that the Producing Party shall promptly upon discovery that such Material was produced notify the Receiving Party in writing and request that such Material be returned or destroyed.

b. Upon receiving written notice from the Producing Party under subsection (a), all Material so noticed, including electronic and paper copies thereof and any documents referencing such Material including analyses, memoranda or notes, shall be impounded and not used by the Receiving Party.

c. The Producing Party must disclose the basis for its assertion of privilege or immunity over Material noticed in subsection (a) by describing any such Material on a privilege log within ten (10) business days of providing notice of production under subsection (a). Upon receiving the privilege log for the Material noticed under subsection (a) from the Producing Party, all such Material, including electronic and paper copies thereof and any documents referencing such Material including analyses, memoranda or notes, shall be destroyed by the Receiving Party. The Receiving Party shall confirm destruction of all such Material in writing within ten (10) business days of receiving the privilege log from the Producing Party. Absent good cause shown, the Producing Party's failure to provide a privilege log for the Material within ten (10) business days of providing notice under subsection (a) shall constitute a withdrawal of the notice.

d. Should a dispute arise with respect to the production of Material subject to this paragraph, either side may move the Court for a resolution of such dispute. Should the Receiving Party thereafter move to compel production

24

of Material noticed under subsection (a), said Party may not assert as a ground for compelling production the fact or circumstance that the Material already has been produced or disclosed, nor may said Party base a motion to compel on the substance of the Material. However, the Receiving Party shall be entitled to base a motion to compel on a privilege log entry describing the Material, and if such a motion is filed, the Producing Party shall provide to the Court for *in camera* inspection any produced Material that is the subject of a motion to compel.

e. The provisions of this paragraph do not limit or otherwise prevent the application of Federal Rule of Evidence 502 to privileged or otherwise protected documents inadvertently produced by the parties.

12. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion in another Court to disclose another Party's Highly Confidential—Litigation Counsel Only or Confidential information pursuant to this Confidentiality Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that Highly Confidential—Litigation Counsel Only or Confidential information should be disclosed.

13.   <u>Applicability after Conclusion of Proceedings</u>.  All provisions of this Confidentiality Order restricting the use of Highly Confidential—Litigation Counsel Only or Confidential information obtained during the pendency of the above-captioned litigation shall continue to be binding on the Parties and all persons to whom Highly Confidential—Litigation Counsel Only or Confidential information has been disclosed after the conclusion of such litigation, including all appeals therefrom, until further order of the Court, unless the Parties otherwise agree in writing.

     a.    Within forty-five (45) days after the conclusion of the above-captioned litigation, including any appeal from such conclusion, each Party shall undertake a reasonable search of hard-copy files and electronic databases which serve the principal purpose of acting as repositories of documents, things, and other Designated Materials, and all reproductions thereof, and shall return to the Producing Party or destroy all documents, things, and other Designated Materials located through such search, except that (1) outside counsel may retain under the provisions of this Confidentiality Order Highly Confidential—Litigation Counsel Only or Confidential information reflected in attorney work product; and (2) in-house counsel designated in accordance with paragraph 4(b) may retain under the provisions of this Confidentiality Order one copy of each document generated by

outside counsel and provided to such in-house counsel during the course of the above-captioned litigation. If the Designated Materials are destroyed, outside counsel for the Receiving Party responsible for the destruction shall within seven (7) calendar days of such destruction certify in writing to outside counsel for the Producing Party that destruction has taken place, including the destruction of the Designated Materials in the possession of consultants and experts.

        b. Insofar as the provisions of this and any other confidentiality order entered in this action restrict the communication and use of information produced thereunder, such order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on transcripts of Court hearings or documents that are used as exhibits in Court (unless such transcripts or exhibits were filed under seal); and (b) that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such order.

       14.   <u>Third Parties</u>. The terms and procedures of this Confidentiality Order shall be applicable to any third party who produces information that is designated by such third party as Highly Confidential—Litigation Counsel Only or Confidential pursuant to this Confidentiality Order.

15.    Jurisdiction.  This Court shall retain jurisdiction over the Parties and this Confidentiality Order for the purposes of compliance with and enforcement of its terms, and the final termination of this litigation shall not terminate this Confidentiality Order or its terms.

[Signatures appear on the following page.]

Desktop vStipul

Dated:                                    Dated:

_____                   _____

By:                                       By:

_____                   _____

David A. Rabin                            Matthew P. Warenzak
Georgia Bar No. 591469                    Dale Lischer
Brian J. Levy                             Smith, Gambrell & Russell, LLP
Georgia Bar No. 302518                    Promenade Two, Suite 3100
MORRIS MANNING & MARTIN, LLP              1230 Peachtree Street N.E.
1600 Atlanta Financial Center             Atlanta, GA 30309
3343 Peachtree Road, N.E.                 mwarenzak@sgrlaw.com
Atlanta, GA 30326-1044                    dlischer@sgrlaw.com
(404) 233-7000 (telephone)
(404) 365-9532 (facsimile)                Kate M. Lesciotto
drabin@mmmlaw.com                         Robert F. Green
blevy@mmmlaw.com                          Christopher T. Griffith
                                          M. Daniel Hefner
Edgar H. Haug                             Jennifer Frangella
Mark P. Walters                           Leydig, Voit & Mayer, Ltd.
Jason Lief                                180 N. Stetson Ave., Suite 4900
Andrew Wasson                             Chicago, IL 60601
Elizabeth Murphy
FROMMER LAWRENCE & HAUG LLP               Attorneys for Defendants
745 Fifth Avenue                          Osmotica Kereskedelmi és Szolgáltató
New York, New York 10151                  Kft
Telephone: (212) 588-0800                 Osmotica Pharmaceutical Corp.
Facsimile: (212) 588-0500                 Osmotica Pharmaceutical Argentina
                                          S.A.
Attorneys for Plaintiffs
Shire Development LLC
Shire Pharmaceutical Development Inc.
Cosmo Technologies Limited
Giuliani International Limited

SO ORDERED.

Dated: Aug. 9, 2012

THE HONORABLE Amy Totenberg

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SHIRE DEVELOPMENT LLC,<br>SHIRE PHARMACEUTICAL<br>DEVELOPMENT INC.,<br>COSMO TECHNOLOGIES LIMITED,<br>and<br>GIULIANI INTERNATIONAL<br>LIMITED,<br><br>        Plaintiffs,<br><br>    v.<br><br>OSMOTICA KERESKEDELMI ÉS<br>SZOLGÁLTATÓ KFT, OSMOTICA<br>PHARMACEUTICAL CORP., and<br>OSMOTICA PHARMACEUTICAL<br>ARGENTINA S.A. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:12-cv-00904-AT |

                        Defendants.

## DECLARATION

I, _____, declare under penalty of perjury
that:

(a)    My present employer is _____.

(b)    My present business address is

_____.


(c)    My present occupation or job description is

_____.

(d)     I have received and carefully read the Stipulated Confidentiality Order entered in the above-captioned litigation, and understand its provisions. Specifically, I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose the contents of anything marked "HIGHLY CONFIDENTIAL—LITIGATION COUNSEL ONLY," "CONFIDENTIAL," or with words of like import that identify Highly Confidential—Litigation Counsel Only or Confidential information except as permitted by the Stipulated Confidentiality Order. I further understand that I am not to disclose to anyone other than those persons identified in paragraphs 4(b)-(c) of the Stipulated Confidentiality Order any words, substances, summaries, abstracts or indices of any Highly Confidential—Litigation Counsel Only or Confidential information disclosed to me. I will use the Highly Confidential—Litigation Counsel Only or Confidential information solely for purposes relating to the above-captioned litigation. In addition to the foregoing, I understand that I must abide by all of the provisions of the Stipulated Confidentiality Order.

(e)     At the termination of this litigation or any time requested by counsel, I will return to counsel for the Party by whom I am employed or to counsel by whom I am employed or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Highly Confidential—Litigation Counsel Only or Confidential information that have come into my possession, and will return all

documents or things I have prepared relating to or reflecting such Highly Confidential—Litigation Counsel Only or Confidential information as required under the terms of the Stipulated Confidentiality Order.

(f)     I understand that if I violate the provisions of the Stipulated Confidentiality Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil litigation for damages by the Producing Party. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Confidentiality Order in the above-captioned litigation.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.


_____     _____
Date                                Signature